UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| S.J. KRIER, | ) | CASE NO. C07-0026-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| KING COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff is a Washington state prisoner who is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not been served on defendants. For the reasons set forth below, the Court recommends that the complaint and this action be dismissed without prejudice.

## PROCEDURAL HISTORY

Plaintiff is currently incarcerated in the Washington Corrections Center in Shelton, Washington. At the time he filed his original complaint, plaintiff was apparently not confined. However, he attempted to represent a class of plaintiffs who were incarcerated in jails operated

REPORT AND RECOMMENDATION
PAGE -1

by the King County Department of Adult and Juvenile Detention ("King County"). (Dkt. #4). Plaintiff asserted that conditions of confinement at the jails violated the federal Constitution in myriad ways.[1]

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. §1915A and also his request to represent the class of inmates at the King County jails. The Court denied his request to represent the class because plaintiff is not a lawyer. (Dkt. #3, *citing C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). The Court further noted that plaintiff's complaint was deficient because it had not alleged when or where plaintiff had been confined in the jails, and lacked sufficient details. (*Id*. at 2). The Court granted plaintiff leave to file an amended complaint curing these deficiencies within 30 days. The Court directed the Clerk to provide plaintiff with a copy of the civil rights complaint form in order to assist plaintiff in filing the amended complaint.

Plaintiff moved for an extension of time to file the amended complaint and the Court granted plaintiff an additional thirty days, until March 30, 2007, to file the amended complaint. (Dkt. #8). On March 30, 2007, plaintiff filed the amended complaint. (Dkt. #10). Upon reviewing the amended complaint, the Court now concludes that this action should be dismissed without prejudice.

DISCUSSION

In the Order granting plaintiff leave to amend his complaint, the Court directed plaintiff

---

[1] The sub-headings in plaintiff's complaint illustrate his many claims: Classification, Clothing, Bedding, Hygiene/Linen, HVAC, Food, Lighting, Phone, Visits, Correspondence, Publications, Censorship, Profiteering, Legal Access, Grievances, Due Process, Abuse of Resources, Political Processes. (Dkt. #4).

REPORT AND RECOMMENDATION
PAGE -2

01 to "allege where and when he was incarcerated in order to show that his rights were violated."

02 (Dkt. #3 at 2). The Court also advised plaintiff that he "must allege facts showing how

03 individually named defendants caused or personally participated in causing the harm alleged in the

04 complaint." (Id., *citing Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981)).

05 Plaintiff's attempt to remedy these deficiencies in his amended complaint is minimal. In

06 fact, it is clear that in filing the amended complaint, plaintiff merely recycled his original complaint

07 and attempted to comply with the Court's Order by adding two new pages at the beginning. (Dkt.

08 #10). In these two new pages, plaintiff states that he was a pretrial detainee at the time he was

09 preparing the amended complaint, but he does not allege precisely when or where the alleged

10 violations took place. Further, the alleged violations themselves are general in nature and do not

11 specify whether plaintiff *himself* was subjected to the particular policy that he finds objectionable.

12 For example, plaintiff alleges that King County houses inmates according to their security level,

13 which is based solely on their history and current charge. (Dkt. #10 at 3). This policy, plaintiff

14 contends, results in an impermissible mix of "traffic offenders and petty thieves [being] housed

15 with burglars, robbers and rapists." (*Id.*) However, plaintiff does not specify whether, nor for

16 how long, he was subjected to this purportedly unconstitutional practice, nor does he allege that

17 he suffered any damages as a result. This lack of precision and specificity applies equally to all the

18 other claims in the amended complaint, which are identical to the claims plaintiff presented in the

19 first complaint and which the Court rejected.

20 Ordinarily, plaintiff's *pro se* status would mitigate these deficiencies and the Court would

21 be inclined to grant plaintiff a second opportunity to amend his complaint. Here, however, several

22 reasons counsel against such a solicitous approach. First, it is clear that despite being given over

60 days to improve on his original complaint, plaintiff opted to expend minimal effort and essentially to resubmit his original complaint. Second, it arouses the Court's suspicions that plaintiff did not use the form complaint that the Clerk sent him along with the Order granting him leave to amend. The form complaint asks litigants to state whether they have ever filed an action in federal court and, if so, to list the previous actions. This information is useful to determine, among other things, whether a plaintiff has any other pending actions that might be duplicative or whether he has had cases dismissed as frivolous under 28 U.S.C. § 1915(g). Plaintiff chose not to use this form and instead to file, or refile, his own complaint, and therefore did not answer this question. A review of the Court's records, however, reveals that plaintiff has brought at least seven prior actions in this Court, two of which were dismissed as frivolous and two of which were dismissed for failure to prosecute.[2]

    Finally, even if plaintiff were permitted to further amend his complaint, it is doubtful that he would be able to meet the showing required under the Prison Litigation Reform Act ("PLRA"). Under the PLRA, "[n]o Federal civil action may be brought by a prisoner. . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). Plaintiff does not allege that he himself suffered any emotional or mental injury, much less show that he suffered a physical injury resulting from any of the alleged violations. Indeed, it is difficult to imagine how the bulk of plaintiff's claims could result in a physical injury, since they deal, for the most part, with issues

---

[2] *See Krier v. Blodgett*, Case No. C01-5609-FDB (dismissed as frivolous); *Krier v. Davis*, Case No. C95-1057-JCC (same); *Krier v. Wright*, Case No. C94-5130-RJB (dismissed for failure to prosecute); *Krier v. LaMendola*, Case No. C04-843-RSL (same).

REPORT AND RECOMMENDATION
PAGE -4

pertaining to daily life such as clothing, food, heating, and lighting.[3]

Therefore, in light of plaintiff's half-hearted attempt to amend the current complaint, his lack of candor regarding his prior litigation in federal court, the futility of further amendment, and the Court's obligation to conserve scarce judicial resources, *see O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990), the Court concludes that plaintiff does not merit another opportunity to amend his complaint. Because the amended complaint fails to state a claim upon which relief can be granted, the Court recommends that it be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's amended complaint and this action be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also recommends that this dismissal count as a "strike" under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

DATED this 3rd day of April, 2007.

_____
Mary Alice Theiler
United States Magistrate Judge

---

[3] Other claims such as censorship or legal access do not require a showing of physical injury. *See Oliver*, 289 F.3d at 630. However, as mentioned, plaintiff has not alleged that he was harmed in a concrete fashion by any of these restrictions. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 349 (1996) (claim of denial of access to law library must include "actual injury"). Further, because plaintiff is no longer confined in a King County jail, his prayer for injunctive relief appears to be moot. *See Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005).